OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s only preserved claim on this appeal is that his planned defense was impaired when the People’s identifying witness saw a photograph of defendant during a meeting with police on the morning she was scheduled to testify at trial. The photograph depicted defendant as having a "light beard,” a characteristic that arguably conflicted with the eyewitness’s earlier description of the perpetrator as "clean cut.” However, defense counsel had a full opportunity to question the eyewitness about the discrepancy in her description, and, in fact, counsel took ample advantage of that opportunity. The fact that the police’s actions may have deprived counsel of the added opportunity to catch the witness by surprise with respect to the discrepancy is not the type of prejudice that should lead to reversal.
Notably, defendant was accorded a Wade hearing with regard to an earlier pretrial showup. However, having concluded that that showup was not unduly suggestive, the trial court made no determination as to the existence of an "independent source” for the eyewitness’s in-court identification. In addition, defendant now attempts to link his identification claims by arguing that he was entitled to a new or reopened Wade hearing with respect to the witness’s viewing of the photograph on the morning of the trial prior to testifying. This argument was not raised in the trial court and, consequently, cannot be considered by this Court.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.